39 P.3d 959 (2002)
Norma BRATTON, The Estate of Steve Bratton, Robert Bratton, a Minor, and Jerry Brown, Petitioners,
v.
Peter WELP, City of Spokane, Defendants,
County of Spokane, Respondent.
No. 71231-0.
Supreme Court of Washington, En Banc.
Considered January 10, 2002.
February 14, 2002.
Michael P. Connelly, Rebecca Lynn Stewart, Asst. Spokane City Attorneys, Bradley Jay Axtell, Spokane, for Petitioners.
Reed & Giesa, D. Roger Reed, Aaron D. Goforth, Spokane, for Respondent.
*960 PER CURIAM.
The issue here is whether there is a material question of fact that bars resolution of this case on summary judgment. We conclude there is such a question, and therefore, reverse the Court of Appeals and remand to the trial court for further proceedings.

FACTS
Norma Bratton caught her mother's neighbor, Peter Welp, stealing a battery from her mother's car on December 24, 1996. Mr. Welp began arguing with Ms. Bratton's family, so she called 911 to report a neighborhood disturbance. The 911 operator did not send police to investigate. Later that evening, Ms. Bratton saw Mr. Welp replacing the battery in her mother's car with a smaller battery. The two got into a heated argument and Mr. Welp threatened to shoot Ms. Bratton. She again called 911. The police arrived, and questioned the parties, but no arrest was made.
On January 4, 1997, Mr. Welp threatened to ram his car into Ms. Bratton's sister's car, which was parked in front of their mother's house. The sister called Ms. Bratton, who was at the hospital with their dying mother. Ms. Bratton immediately went to her mother's house. Tempers flared and Mr. Welp punched Ms. Bratton's sister in the face and again threatened to shoot Ms. Bratton. She called 911. The operator told Ms. Bratton that the police were on their way and that "if she or her family was threatened again that the police would be sent." Clerk's Papers at 251. The police arrived, and Mr. Welp retreated into his house. But again, apparently no arrest was made, although the city police assured Ms. Bratton that Mr. Welp would be arrested the next time he caused a disturbance. Ms. Bratton's mother died that night.
On January 11, 1997, the family was conducting an estate sale, when Mr. Welp appeared and threatened to shoot Ms. Bratton's brother, Jerry Brown. Mr. Brown called 911. He told the operator that Mr. Welp was drunk and disrupting the sale. The operator told him to call "Crime Check" and they would investigate. Mr. Brown called "Crime Check" and the same operator answered. He told her again that Mr. Welp had threatened him and then went back into his house. The operator told Mr. Brown that if Mr. Welp came out of his house again to call 911. Shortly after that, Ms. Bratton arrived and Mr. Welp came out of his house. The two argued. Mr. Brown immediately called 911 for a third time that day, 20 minutes after his first call. As he was talking to the operator, Mr. Welp shot Ms. Bratton in the chest three times. The operator heard the shots and dispatched police, who arrived within minutes.
Fortunately, Ms. Bratton survived. But while tending to his recovering wife at the hospital, Steve Bratton regurgitated in his sleep and was found dead in the hospital waiting room. After Mr. Welp was charged and convicted of the shooting, Ms. Bratton, Mr. Brown, Mr. Bratton's estate, and the Brattons' son sued Mr. Welp, the City of Spokane, and Spokane County, alleging negligence arising from the shooting. The family claimed the City and County were liable because each made express assurances of assistance and failed to provide timely assistance.
The County moved for summary judgment, asserting that the family was unable to prove the County had made an express assurance of assistance to Ms. Bratton. The trial court granted summary judgment to the County. The family moved for reconsideration and offered the affidavit of the 911 operator, Pam Charter. Ms. Charter averred that on January 4 the family had been assured by 911 operators that police would be dispatched if the family again complained about Mr. Welp. She also averred that she should have immediately dispatched police after Mr. Brown's first call on January 11. The trial court reversed its earlier summary judgment order, finding on reconsideration that a material question of fact remained regarding whether the County had made an express assurance of assistance.
The County sought discretionary review of the trial court's order on reconsideration. The Court of Appeals granted review and reversed, finding there were no material questions of fact and that the County enjoyed immunity under the public duty doctrine. We now grant review and reverse the Court of Appeals.

*961 ANALYSIS
Summary judgment is proper if pleadings, depositions, affidavits, and admissions, viewed in a light most favorable to the nonmoving party, show there is no genuine issue of material fact and demonstrate that the party making the motion is entitled to judgment as a matter of law. Wilson v. Steinbach, 98 Wash.2d 434, 437, 656 P.2d 1030 (1982).
The first hurdle in any negligence action is establishing a duty. Under the public duty doctrine, recovery from a municipal corporation is possible only when the plaintiff can show that the duty breached was owed to her individually, rather than to the public in general. The special relationship exception to the public duty doctrine describes one situation in which a duty is said to be owed to a specific individual. To establish this exception, the plaintiff must show that there is some form of privity between the plaintiff and the public entity that differentiates the plaintiff from the general public, that the public entity made an express assurance to the plaintiff, and that the plaintiff justifiably relied on the assurance. Taylor v. Stevens County, 111 Wash.2d 159, 166, 759 P.2d 447 (1988); Beat v. City of Seattle, 134 Wash.2d 769, 785, 954 P.2d 237 (1998). Privity should be construed broadly, and, in cases based on failure by the police to timely respond to requests for assistance, it refers to the relationship between the public entity and a reasonably foreseeable plaintiff. Chambers-Castanes v. King County, 100 Wash.2d 275, 286, 669 P.2d 451 (1983).
Construing the facts most favorably to Ms. Bratton, the 911 operator's affidavit creates a material question of fact of whether the County made an express assurance to the family that it would send police if Mr. Welp threatened them. According to the 911 operator, Ms. Bratton was told on January 4 that the next time Mr. Welp threatened her or her family the police would be sent. Yet, when Mr. Brown first called on January 11 to report that Mr. Welp was disrupting the estate sale, the County did not dispatch police. The 911 operator who answered that call averred that she knew of the past confrontations with Mr. Welp and should have sent police immediately instead of telling Mr. Brown to call "Crime Check". And when Mr. Brown called "Crime Check" and told the same operator that Mr. Welp had threatened to shoot him, the operator told him to call back if Mr. Welp came out of his house again.
The Court of Appeals reasoned that because Ms. Bratton did not personally call 911 on January 11 and did not know her brother had called, the County made no assurance to her that she could rely on police intervention in the shooting. We disagree with this reasoning. A fact-finder could conclude that Ms. Bratton justifiably relied on the statements made that police would be dispatched. The plaintiffs argue that Mr. Welp had already threatened her and her family; she was plainly a foreseeable plaintiff.

CONCLUSION
In sum, there is a material question of fact concerning whether the County made an express assurance that Ms. Bratton and her family could justifiably rely upon. Accordingly, we reverse the Court of Appeals and remand to the trial court for further proceedings.